**COURT OF APPEALS
DECISION
DATED AND FILED**

**July 11, 2019**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2018AP950**

**STATE OF WISCONSIN**

Cir. Ct. No.  2016FA1090

**IN COURT OF APPEALS
DISTRICT IV**

IN RE THE MARRIAGE OF:

BRIDGETT ANN ANTONY,

   JOINT PETITIONER-RESPONDENT,

V.

JEREMY JASON BITTNER,

   JOINT PETITIONER-APPELLANT.

---

APPEAL from an order of the circuit court for Dane County: TIMOTHY C. SAMUELSON, Judge.  *Reversed and cause remanded with directions*.

Before Lundsten, P.J., Blanchard and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Jeremy Bittner appeals an order denying his post-judgment motion to modify child support, and also attempts to appeal the circuit court's oral rulings denying reconsideration and a request to correct the original judgment of divorce.  We conclude that Bittner proved that a substantial change in circumstances occurred, and therefore we reverse the order and remand with directions.  However, we lack jurisdiction to review the oral rulings.

¶2     The parties agree that, to obtain his requested modification, Bittner was required by statute to prove that a substantial change in circumstances had occurred.  *See* WIS. STAT. § 767.59(1f)(a) and (1f)(c).[1]   Whether a substantial change in circumstances occurred is a question of law that we review independently.  ***Jalovec v. Jalovec***, 2007 WI App 206, ¶22, 305 Wis. 2d 467, 739 N.W.2d 834.

¶3     The circuit court found that Bittner did not prove a substantial change in circumstances because the income reduction on which he based his motion was not unforeseen.  The court found that, when the marital settlement agreement was negotiated and approved in June 2017, the parties knew that Bittner's income fluctuated and that his 2017 earnings were running below prior years.  As legal support, the court relied on this quotation from case law:  "One shorthand definition for a substantial change in circumstances is that [it is] some

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

unforeseen event which occurs after an agreement has been executed." *Id.*, ¶24 (the circuit court omitted the bracketed language from the actual quotation).

¶4     Bittner argues that the circuit court's conclusion that there was no substantial change in circumstances was erroneous because, while it is true that the parties knew his 2017 income was less than prior years, neither party foresaw that it would be as low as it eventually was. We agree with Bittner that his substantially reduced income is a substantial change in circumstances. It is a different matter whether that change in circumstances warrants a modification to the child support order. On the latter topic, we remand for further proceedings.

¶5     Based on the marital settlement agreement, at the time of divorce the circuit court initially ordered Bittner to pay monthly child support of $1,073.27. There is no dispute that Bittner's calendar year incomes prior to 2017 had always been over $150,000 per year. For example, Bittner's 2015 income was $161,802.88 and his 2016 income was $150,299.82.

¶6     Although it was known at the time of the divorce that Bittner's 2016 income was $150,299.82, Bittner also submitted, on May 31, 2017, just before the final divorce, a financial disclosure statement asserting that his "[g]ross monthly income" as of September 2016 was $9,593, which would be $115,116 on an annual basis. Respondent Bridgett Antony testified that she did not have any reason to doubt that the statement accurately reflected Bittner's income. Thus, at the time of divorce, the parties would have understood that Bittner was projecting his 2017 annual income to be approximately $115,116.

¶7     When Bittner filed his motion for modification of child support in January 2018, he asserted that his actual income for 2017 ended up being

3

substantially less than in prior years: just $53,345.53. The court commissioner denied that motion, and Bittner requested a hearing de novo.

¶8 The circuit court held an evidentiary hearing and then issued its final order on May 14, 2018. At the evidentiary hearing, Bittner testified that his 2017 W-2 form showed income of $52,045.53.[2] This amount is not disputed.

¶9 As we understand Bittner's argument, it boils down to the proposition that his actual 2017 income was so substantially less than any of his prior calendar year incomes, and so substantially less than even his predicted 2017 income, that his actual 2017 income should be considered a substantial change in circumstances.

¶10 We agree with this argument. Looking at the numbers, even if we focus on the number most favorable to Antony, there was still a substantial change in circumstances. The most favorable number to Antony is Bittner's projected 2017 income of $115,116. His actual 2017 income was $52,045.53, less than half of the projected amount. We regard that as a substantial change in circumstances.

¶11 The circuit court concluded that Bittner's fall in income was not an unforeseen circumstance because it was known at the time of divorce that his income fluctuated greatly, and because the parties already knew at the time of divorce that his 2017 income was projected to be significantly less than in prior years. We do not find that approach persuasive because it is inconsistent with the parties' agreement that was incorporated into the judgment.

---

[2] We note that this figure is similar to, but $1,300 less than, the figure we stated was in Bittner's child support modification motion.

4

¶12     The parties agreed to exchange year-end income information annually, "to determine if a change in this order of support is warranted." Thus, the parties and the court anticipated that a change in income might be a basis for a change in child support. As we understand the circuit court's thinking, the agreement to exchange year-end income information is largely meaningless, at least as to Bittner's income. Moreover, in our view, Bittner's actual 2017 income is such a significant deviation from his recent prior income that it is a substantial change in circumstances under any reasonable view.

¶13     However, even when a substantial change is shown, a court must still determine whether that change warrants a change in support and, if so, by how much. We remand for further proceedings on that topic.

¶14     We stress that some of the prior arguments made by Antony may be relevant on remand. For example, at the post-judgment circuit court hearing, she noted that she did not receive child support during the period between when she left the marital residence and when the divorce became final. As another example, Antony expressed a concern that Bittner "has not actually worked that hard to try and have gainful income." Also, it appears relevant that the child support amount was negotiated at a time when Bittner expected a significant drop in income, even if not as great a drop as actually happened. Finally, due to various delays, on remand there will be, presumably, additional income information to consider.

¶15     We turn our attention to a different matter.

¶16     In addition to appealing the May 2018 order that we have been discussing above, Bittner also attempted to appeal a June 2018 decision by the circuit court that denied Bittner's motion for reconsideration of the May 2018 order, and also denied his motion to correct an alleged error in the original divorce

judgment. We lack jurisdiction over those decisions because they were issued orally with no accompanying written order. An appeal may be taken only from an order that has been "entered," which means filed in the office of the clerk. WIS. STAT. §§ 808.03(1)(a); 807.11(2). The copy of the docket entry that Bittner attached to his "amended notice of appeal" does not qualify as an entered order.

¶17   In this regard, Bittner's failure to comply with the appendix requirement caused us to waste time on the merits of Bittner's challenge to the later oral decisions, before discovering that we lacked jurisdiction. Bittner's appellant's counsel blatantly violated the rule requiring an appendix to be filed, WIS. STAT. RULE 809.19(2). Although Bittner's brief-in-chief contains a certification in which counsel certified compliance with that rule, no appendix was filed. The omission was significant because a proper appendix must include the findings or opinion of the circuit court. If counsel had filed an appendix, this court would most likely have identified the lack of a written order and, therefore, detected our lack of jurisdiction at an early stage in our processing of the briefs. We do not impose a financial sanction for this violation of the rules, but we do point out this serious omission.

¶18   In summary, we conclude that the circuit court erred by concluding that there had not been a substantial change in Bittner's circumstances. We remand for further proceedings on that topic. As to Bittner's remaining issues, we determine that we lack jurisdiction.

   *By the Court.*—Order reversed and cause remanded with directions.

   This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.